UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH LEE WATKINS,<br><br>               Plaintiff,<br><br>   v.<br><br>DEPUTY J. ECKSTROM and JOHN DOES 1–6,<br><br>               Defendants. | Case No. 1:22-cv-00340-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF COMPLAINT

### 1.     Pleading Standards and Screening Requirement

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. *Id.*

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

## 2.    Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. Some of the events giving rise to Plaintiff's claims occurred while Plaintiff was a

pretrial detainee held in the Kootenai County Jail, while others occurred after

Plaintiff was convicted and sentenced in state court. *Compl*., Dkt. 1, at 2–4.

Plaintiff alleges that, while he was awaiting trial, he was attacked by a jail

officer. Plaintiff was sleeping in his cell in the Kootenai County Jail when

Defendant Deputy Sheriff J. Eckstrom repeatedly "struck Plaintiff in both the face

and mid-section of the body." *Id*. at 2. Defendant John Doe 1 witnessed Eckstrom

beat Plaintiff but did not intervene to stop the attack. *Id*. at 3.

After Plaintiff was convicted and sentenced, he was being escorted to an

isolation cell in the jail by John Does 2 and 3. Plaintiff was not resisting. John Doe

2 "forcefully shoved Plaintiff off-balance and repeatedly used his free arm to

strike/jab Plaintiff in the side of Plaintiff's ribs/torse with Defendant Doe 2's fist

and elbow." *Id* at 4. John Doe 2 also told Plaintiff, "You should just kill yourself."

*Id*.

John Doe 3 did not intervene to stop John Doe 2. *Id*. at 5. John Does 4

through 6 were close behind Plaintiff at the time and also failed to intervene. *Id*. at

6–8.

**3.    Discussion**

*A.     Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To

state a plausible civil rights claim, a plaintiff must allege a violation of rights

protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional

deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

A pretrial detainee possesses a Fourteenth Amendment due process right to be free from excessive force while confined in jail before and during trial. A detainee alleging excessive force must show "that the officers' use of that force was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* The plaintiff need not show that the officers were subjectively aware that the use of force was unreasonable. *Id*.

An excessive force claim is analyzed differently if the plaintiff is a convicted inmate at the time the force is used. The Eighth Amendment, which applies to convicted prisoners but not pretrial detainees, prohibits only "cruel and unusual" punishment. Therefore, the use of force against a convicted prisoner amounts to a constitutional violation only if it is applied "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986) (internal quotation marks omitted). That an Eighth Amendment excessive force claim requires a plaintiff to show "malicious and sadistic force, not merely objectively unreasonable force." *Id.*

Not every "malevolent touch" by an officer gives rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.") "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* [or minimal] uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9–10 (internal quotation marks omitted).

A court analyzing whether a convicted inmate has stated a plausible excessive force claim must consider five factors:

> (1) the extent of injury suffered by an inmate; (2) the
> need for application of force; (3) the relationship between
> that need and the amount of force used; (4) the threat
> reasonably perceived by the responsible officials; and
> (5) any efforts made to temper the severity of a forceful
> response.

*Bearchild v. Cobban*, 947 F.3d 1130, 1141 (9th Cir. 2020) (internal quotation

marks omitted). In considering these factors, the Court may draw inferences "as to

whether the use of force could plausibly have been thought necessary" or, instead,

whether the use of force "evinced such wantonness with respect to the unjustified

infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*,

475 U.S. at 321 (quotation omitted).

Plaintiff's Complaint, liberally construed, appears to state colorable due

process claims against Defendants Eckstrom and John Doe 1. The Complaint also

appears to state colorable Eighth Amendment claims against Defendants John Doe

2 through 6.[2] Therefore, Plaintiff will be allowed to proceed on his § 1983 claims.

---

[2] Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases
where the identity of the parties will not be known prior to filing a complaint but can subsequently be
determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity
of any of the Doe Defendants comes to light during discovery, Plaintiff may move to amend his
Complaint to assert claims against those Defendants. Plaintiff should be aware, however, that any claims
or defendants included in the initial Complaint, but not asserted in an amended complaint, are considered
waived. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint
supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other
grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc.
v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred
by entering judgment against a party named in the initial complaint, but not in the amended complaint).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

### B.    Section 1985 Claims

Plaintiff also asserts claims under 42 U.S.C. § 1985(3), which prohibits conspiracies to interfere with civil rights. *Compl.* at 1. To state a claim under § 1985(3), a plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Plaintiff has not plausibly alleged that Defendants conspired together to use excessive force against him or that Defendants acted with a race- or class-based animus. Therefore, Plaintiff's § 1985 claims are implausible and must be dismissed.

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that the claims are plausible, meaning that they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[3] Because (1) prisoner filings

---

[3] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Complaint under § 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to § 1915A and may be filed only in extraordinary circumstances.

must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

Plaintiff will be responsible for serving a summons and the Complaint upon Defendants by formal service of process or by obtaining signed waivers of service of summons from each Defendant or their counsel. Plaintiff must do so within 90 days. If he does not, his claims against unserved Defendants will be dismissed without prejudice, after notice to Plaintiff. *See* Fed. R. Civ. P. 4(m).

## ORDER

**IT IS ORDERED:**

1.  Plaintiff may proceed on his § 1983 claims. All other claims are DISMISSED.

2.  This Order serves as formal notice that Plaintiff must complete one of the two following actions, as to each Defendant, within 90 days:

    a.  <u>Formal Service of Process</u>:

        i.  To obtain a summons from the Clerk of Court, Plaintiff must file a "Request for Issuance of Summonses," which must provide the names and service addresses of each

Defendant to the Clerk of Court. Thereafter, the Clerk of Court will prepare and issue the summonses and provide them to Plaintiff.

ii.   Plaintiff must serve a summons and a copy of the complaint upon each Defendant by formal service of process, *see* Federal Rule of Civil Procedure 4(c). Simply mailing the complaint to the defendants or their lawyers is not sufficient service of process.

iii.  If Plaintiff chooses to use formal service of process, it must be accomplished pursuant to Rule 4(c), including by a person qualified according to Rule 4(c)(2).

iv.   Immediately after service, the person serving the summons and complaint must file a "Return of Service" with the Clerk of Court to show the date, time, manner of service, and person upon whom the documents were served. If this document is not filed during or immediately after the 90-day service deadline, the complaint will be dismissed without prejudice.

b.    <u>Waiver of Service of Summons</u>:

i.    Alternatively, Plaintiff can obtain "Waiver of Service of Summons" forms by requesting them from the Clerk of Court.

ii.    Plaintiff can prepare and send to each Defendant (not their attorney) a completed waiver form and a copy of the complaint, following Rule 4(d). Plaintiff must enter the date the waiver is being sent to the Defendant on each form before sending the waiver. The Defendant then has 30 days from the date entered on the form to sign and file the waiver if they choose to waive service. Defendants are not required to waive service.

iii.    Plaintiff must send out the waivers of service exactly as specified in Rule 4(d).

iv.    If a defendant chooses to waive service, then the defendant will file the waiver of service of summons with the Clerk of Court, and the defendant is obligated to file an answer or permissible pre-answer motion, or the defendant may be subject to entry of default.

       v.      If a defendant does not agree to waive service and does not file the waiver of service within the deadline, then the Plaintiff must use formal service of process (see above) to serve each Defendant according to Rule 4 within 90 days after issuance of this Order. If Plaintiff needs an extension of time to accomplish formal service of process after defendants fail to return waivers of service, then Plaintiff must file a "Motion for Extension of Time for Service under Rule 4(m)."

3.      If Plaintiff does not accomplish formal service of process or ensure that a signed waiver of service of summons for each defendant has been filed by the defendant within 90 days after issuance of this Order, all claims against any unserved Defendants will be subject to dismissal without prejudice, with or without additional notice to Plaintiff. *See* Fed. R. Civ. P. 4(m).

4.      After Defendants appear, the Court will issue an order governing the pretrial schedule in this case, including disclosure and discovery. *See* General Order 343, *In Re: Adoption of a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases* (Feb. 8, 2019).

5.      Plaintiff must notify the Court immediately if Plaintiff's

address changes. Failure to do so may be cause for dismissal of

this case without further notice.

DATED: November 8, 2022

_____

B. Lynn Winmill
U.S. District Court Judge